## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-cv-03730-DDD-STV

DEBORAH DOEL-HAMMOND, Ed.D.,

     Plaintiff,

v.

ALLIANCE FOR SUSTAINABLE ENERGY, LLC, a Delaware limited liability corporation,

     Defendant.

---

### PLAINTIFF'S <u>UNOPPOSED</u> MOTION TO RESTRICT ACCESS TO EXHIBIT A OF PLAINTIFF'S NOTICE OF FILING AMENDED COMPLAINT AND JURY DEMAND [DOCUMENT NO. 21-1] AND PLAINTIFF'S AMENDED COMPLAINT [DOCUMENT NO. 22]

---

     Plaintiff, Deborah Doel-Hammond, by and through her counsel, submits the following Unopposed Motion to Restrict Access to Exhibit A of Plaintiff's Notice of Filing Amended Complaint and Jury Demand (Document 21-1) and Plaintiff's First Amended Complaint (Document No. 22), pursuant to D.C.COLO.LCivR 7.2, and in support thereof state as follows:

     **Statement Regarding Conferral Pursuant to D.C.COLO.LCivR 7.1(a):** Plaintiff's counsel conferred with Defendant's counsel via email on August 27 and 30, 2021. In those communications Defendant's counsel requested the restrictions proposed herein, and counsel for Plaintiff agreed to move for such restrictions.

1. On July 12, 2021, Plaintiff filed a Notice of Filing Amended Complaint with Jury Demand, along with Exhibit A, Plaintiff's Amended Complaint and Jury Demand. (Document No. 21 and Document 21-1).

2.  On July 12, 2021, Plaintiff also filed her First Amended Complaint and Jury Demand (Document No. 22).

3.  On August 9, 2021, Defendant filed its Answer and Affirmative Defense to Plaintiff's First Amended Complaint and Jury Demand (Document No. 24).

4.  Previously, when Plaintiff filed her initial Complaint, she sought, and the court granted, restricted status for an unredacted version of the Complaint, while permitting a redacted version of the Complaint to remain publicly filed, pursuant to Fed. R. Civ. P. 5.2(f) (Documents Nos. 2 and 5). The basis for the restriction of access to the unredacted Complaint was potential attorney-client privilege issues.

5.  Plaintiff stated in her initial motion regarding the original Complaint as follows:

> The Complaint and Jury Demand contains descriptions of communications between the Plaintiff and an in-house attorney for Defendant. Plaintiff contends that such communications are not privileged, or that any applicable privilege is either waived or inapplicable in this matter. However, in the event that Alliance wishes to assert any privilege regarding the content of communications or statements made by or to members of Alliance's Office of General Counsel, as pled in the Complaint and Jury Demand, Plaintiff wishes to protect such communications from public disclosure initially to preserve Defendant's ability to make such an argument. By making this request, Plaintiff does not admit that any privilege does in fact apply, and expressly retains any argument that a privilege does not apply. However, a party that suffers a disclosure of privileged communications may suffer injury, in that the "bell cannot be unrung" if privileged statements are viewed by the public. Consequently, out of an abundance of caution, Plaintiff seeks to protect any interests that Defendant may assert in the confidentiality of such statements. Plaintiff files both a redacted and unredacted Complaint and Jury Demand, seeking only a seal on the unredacted version, to accomplish the presumption of public access, while concurrently filing an unredacted copy under seal, pursuant to F.R.C.P 5.2(f).

Doc. #2 at 2.

6.  Similar to the original Complaint, Plaintiff's Amended Complaint and Jury Demand also contains allegations of communications between Plaintiff and Defendant's in-house attorneys.

7.  Defendant recently requested that the Amended Complaint and Jury Demand be treated in a similar manner to Plaintiff's original Complaint and Jury Demand, *i.e.* the unredacted version being filed as restricted and a redacted version being filed publicly.

8.  While Plaintiff continues to contend that any communications between Plaintiff and Defendant's in-house attorneys, as alleged in the Amended Complaint and Jury Demand, are not privileged, or that any applicable privilege is either waived or inapplicable in this matter, we also recognize that Defendant has concerns regarding the disclosure of such communications before this court has had a chance to address the application and/or waiver of privilege.

9.  Consequently, Plaintiff has agreed to request that the currently unredacted Amended Complaint and Jury Demand, as well as the redlined version of the Amended Complaint attached to Plaintiff's Notice, be designated Level 1 restricted, and that the redacted version of the Amended Complaint and Jury Demand attached as **Exhibit A** be filed as the publicly available version of the Amended Complaint and Jury Demand in this matter. However, Plaintiff does not waive her ability to challenge any privilege claimed by Defendant as to the alleged communications, or any other documents or communications.

10. For the reasons stated above, Plaintiff seeks to have access to the Exhibit A of Plaintiff's Notice of Filing Amended Complaint and Jury Demand (Document No. 21-1) and Plaintiff's First Amended Complaint and Jury Demand (Document No. 22) Restricted with a Level 1 restriction, and the redacted version of the Amended Complaint and Jury Demand attached hereto as **Exhibit A** be filed as the publicly available version of the

Amended Complaint.  Pursuant to D.C.COLO.LCivR 7.2(b), a Level 1 restriction limits access to the Parties and to the court.

WHEREFORE, Plaintiff respectfully requests this Court to Restrict Access to the Exhibit A of Plaintiff's Notice of Filing Amended Complaint and Jury Demand (Document No. 21-1) and Plaintiff's First Amended Complaint and Jury Demand (Document No. 22) with a level 1 restriction, and grant leave to file the attached redacted version of the Amended Complaint as the publicly available version of Document 22.

Respectfully submitted this 1st day of September, 2021.

**OGBORN MIHM, LLP**

*/s/ Clayton E. Wire*
Clayton E. Wire, #41717
Emily R. Stevens, #49089
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
Phone: 303-592-5900
Fax:     303-592-5910
Clayton.wire@omtrial.com
Emily.fiscus@omtrial.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of September, 2021, a true and correct copy of the foregoing was filed and served via CM/ECF to the following:

Ashley W. Jordaan
Husch Blackwell LLP
1801 Wewatta St., Suite 1000
Denver, CO 80202
Tel: 303-749-7200
Fax: 303-749-7272
Ashley.Jordaan@huschblackwell.com
*Attorney for Defendant*

*/s/  Mekell K. Bolton*_____
  Mekell K. Bolton, Paralegal